UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

THEODORE HENDERSON, et al.,

                          Plaintiff,

            *- against -*

THE TRANSPORTATION GROUP, LTD., and JOSEPH STEUERT,

                      Defendants.

Case No. 09 CIV 7328 (DLC)

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

ROBINSON BROG LEINWAND GREENE GENOVESE
& GLUCK P.C.
875 Third Avenue
New York, New York  10022
(212) 603-6300

*Attorneys for Defendants The Transportation Group, Ltd. and Joseph Steuert*

## TABLE OF CONTENTS

Page

INTRODUCTION ..................................................................................................... 1

ARGUMENT ........................................................................................................... 1

I.   Plaintiffs Point to No Evidence of Willfulness ......................................... 1

II.  Plaintiffs Have Not Shown "Exceptional Circumstances" Which Would Merit
     Equitable Tolling of Plaintiff Feldmeier's Claim .................................... 3

III. Plaintiffs Have Failed to Raise a Genuine Issue of Material Fact that Joseph Steuert
     Was Not an "Employer" of the Four Plaintiffs ....................................... 5

     A.   Statements of Fact that Must be Deemed Admitted ........................... 6

     B.   The Affidavit of James Pak Establishes Merely that Mr. Steuert
          Supervised *Vice-Presidents* at TTG ............................................ 8

CONCLUSION ....................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Bilyou* v. *Dutchess Beer Distributors*, 99 CV. 4231 (CM), 2001 U.S. Dist. LEXIS 3342
(S.D.N.Y. Mar. 9, 2001) .................................................................................................5

*Bravo* v. *Eastpoint International, Inc.*,
99 Civ. 9474(WK), 2001 WL 314622 (S.D.N.Y. Mar. 30, 2001)............................................6

*Brock* v. *Superior Care, Inc.*,
840 F.2d 1054 (2d Cir. 1988) ..........................................................................................2

*Clarke* v. *JPMorgan Chase Bank, N.A.*,
08 Civ. 2400 (CM)(DCF), 2010 U.S. Dist. LEXIS 33264 (S.D.N.Y. Mar. 26, 2010).............2

*Gesualdi* v. *Laws Construction Corp.*,
09 Civ. 1067 (DLC), 2010 U.S. Dist. LEXIS 135348 (S.D.N.Y. Dec. 22, 2010)....................1

*Henderson* v. *The Transportation Group*,
2010 WL 2629568 (S.D.N.Y. July 1, 2010).........................................................................6

*Jacobsen* v. *Stop & Shop Supermarket Co.*,
02 Civ. 5915 (DLC), 2004 U.S. Dist. LEXIS 17031 (S.D.N.Y. Aug. 27, 2004) .............3, 4, 5

*Johnson* v. *A.P. Products, Ltd.*,
934 F.Supp. 625 (S.D.N.Y. 1996) ...............................................................................6, 10

*Kelly* v. *A1 Technology*,
09 Civ. 962 (LAK) (MHD), 2010 U.S. Dist. LEXIS 37807 (S.D.N.Y. Apr. 8, 2010)..............3

*Smith* v. *New York City Board of Education*,
96 Civ. 3486 (LLS), 2000 U.S. Dist. LEXIS 654 (S.D.N.Y. Jan. 25, 2000)...........................8

*Vandermark* v. *City of New York*,
615 F. Supp. 2d 196 (S.D.N.Y. 2009) .................................................................................5

*Velez* v. *SES Operating Corp.*,
07 Civ. 10946 (DLC), 2009 U.S. Dist. LEXIS 106465 (S.D.N.Y. Nov. 12, 2009) .............2, 6

*Ward* v. *Bank of New York*,
455 F. Supp. 2d 262 (S.D.N.Y. 2006) .................................................................................5

*Xue Lian Lin* v. *Comprehensive Health Management, Inc.*,
08 Civ. 6519 (PKC), 2009 U.S. Dist. LEXIS 29779 (S.D.N.Y. Apr. 8, 2009) .......................6

*Young* v. *Cooper Cameron Corp.*,
   586 F.3d 201 (2d Cir. 2009) ...................................................................................2

*Zerilli-Edelglass* v. *New York City Transit Authority*,
   333 F.3d 74 (2d Cir. 2003) ...................................................................................3

**LOCAL RULES OF U.S. DISTRICT COURTS FOR SOUTHERN & EASTERN DISTRICT**

L.R. 56.1 ...........................................................................................................2, 6,7

Defendants The Transportation Group, Ltd. and Joseph Steuert (collectively, "Defendants") respectfully submit this reply memorandum of law in further support of their motion for partial summary judgment pursuant to Federal Rule of Civil Procedure 56(a).

## ARGUMENT

### I.   Plaintiffs Point to No <u>Evidence</u> of Willfulness

Plaintiffs have failed to identify any record evidence raising a genuine issue of material fact to support their allegations that any failure on the part of Defendants to pay overtime compensation was "willful" within the meaning of the FLSA or New York Labor Law.  As set forth in Defendants' moving brief, and acknowledged by Plaintiffs, Plaintiffs must show that Defendants acted knowingly or recklessly in mischaracterizing Analysts as exempt in order to establish willfulness.  (Defs. Br. at 17-19, Pls. Opp. at 10.)[1]

Plaintiffs' argument rests on the faulty premise that "the only way Defendants *could possibly have conceived* that Plaintiffs were working in exempt positions *would have been* to either recklessly disregard their work or intentionally push aside their own records of excessive hours without overtime pay."  (Pls. Opp. at 12 (emphasis added).)  This conclusory and unsupported speculation is legally insufficient to establish willfulness, and Plaintiffs have not otherwise offered any evidence which would raise a material question as to whether Defendants acted knowingly or recklessly.  *See Gesualdi* v. *Laws Construction Corp.*, 09 Civ. 1067 (DLC), 2010 U.S. Dist. LEXIS 135348, at *10 (S.D.N.Y. Dec. 22, 2010) (citing *Hicks* v. *Baines*, 593

---

[1]   The separate issue of whether Defendant TTG's classification of the Plaintiffs as exempt was in fact incorrect is not raised by Defendants' motion for partial summary judgment and remains disputed for trial.

F.3d 159, 166 (2d Cir. 2010)) (a party may not rely on speculation, conjecture or conclusory allegations or denials to create a genuine issue of material fact.).

Nor do Plaintiffs point to a single case finding willfulness based on any state of mind other than *actual knowledge of wrongdoing*. Reckless disregard amounting to willfulness requires "'actual knowledge of a legal requirement, and deliberate disregard of the risk that one is in violation.'" *Clarke* v. *JPMorgan Chase Bank, N.A.*, 08 Civ. 2400 (CM)(DCF), 2010 U.S. Dist. LEXIS 33264 at *27 (S.D.N.Y. Mar. 26, 2010) (quoting *Damassia* v. *Duane Reade, Inc.*, 2005 U.S. Dist. LEXIS 9768, at *7 n.2 (S.D.N.Y. May 20, 2005)). The Second Circuit has found reckless behavior amounting to willfulness, for example, where an employee was hired into an exempt position but assigned the work of non-exempt employees, *Young* v. *Cooper Cameron Corp.*, 586 F.3d 201, 207-208 (2d Cir. 2009), and when an employer was on notice of FLSA violations following violation findings by Department of Labor. *Brock* v. *Superior Care, Inc.*, 840 F.2d 1054, 1061-62 (2d Cir. 1988).

Defendants submitted affidavit testimony demonstrating the Defendants believed Plaintiffs to be exempt. Plaintiffs offer no contrary evidence. Instead, they offer only conjecture as to Defendants' state of mind or knowledge. They cannot support their denial of Defendants' assertion that "TTG never received advice from a responsible official of the Wage and Hour Division of the Department of Labor or from the New York Department of Labor to the effect that TTG's payment practices were not lawful," and this statement must be deemed admitted.[2] (*See*

---

[2] *See* L.R. 56.1(d); *Velez* v. *SES Operating Corp.*, 07 Civ. 10946 (DLC), 2009 U.S. Dist. LEXIS 106465, at *2-*3 (S.D.N.Y. Nov. 12, 2009) ("[T]hose statements made by [a party] that are not controverted by [the other party's] specific citations to the record are deemed admitted.")

Pls. Resp. to Defs. SUF ¶ 63.)  To the extent Plaintiffs raise factual disputes over the level of au-tonomy afforded Analysts and amount of supervision of their work, such disputed issues go to the ultiimate issue of liability, but do not establish willfulness.  *See Kelly* v. *A1 Technology*, 09 Civ. 962 (LAK) (MHD), 2010 U.S. Dist. LEXIS 37807, at *59 (S.D.N.Y. Apr. 8, 2010) ("[A]n employer's violation of the FLSA will not be considered willful if the employer acted reasonably or unreasonably but not recklessly in determining its obligations under the Act.") (citing *McLaughlin* v. *Richland Shoe Co*., 486 U.S. 128, 133 n. 13 (1988)).  Indeed, it is telling that Plaintiffs did not move for summary judgment with respect to their allegation that Plaintiffs were incorrectly characterized, yet assert that the issue is so clear that TTG must have known the clas-sification was unlawful.  Plaintiffs' bare argument is insufficient to defeat Defendants' motion on the willfulness issue.

## II.     Plaintiffs Have Not Shown "Exceptional Circumstances" Justifying Equitable Tolling of Plaintiff Feldmeier's Claim

Conceding that Plaintiff Feldmeier's four days of employment preceded the appli-cable statute of limitations period, Plaintiffs argue that equitable tolling should be applied to re-suscitate her claims.  (Opp. Br. at 12.)  The Second Circuit has found that equitable tolling should be applied only in "rare and exceptional circumstances in which a party is prevented in some extraordinary way from exercising his rights." *Zerilli-Edelglass* v. *New York City Transit Authority*, 333 F.3d 74, 80 (2d Cir. 2003) (citation omitted).  Equitable tolling is considered ap-propriate "in situations where the complainant has '*actively pursued his judicial remedies by fil-ing a defective pleading* during the statutory period, or where the complainant has been *induced or tricked* by his adversary's misconduct into allowing the filing deadline to pass.'" *Jacobsen* v. *Stop & Shop Supermarket Co*., 02 Civ. 5915 (DLC), 2004 U.S. Dist. LEXIS 17031, at *10

(S.D.N.Y. Aug. 27, 2004) (emphasis in original) (quoting *Irwin* v. *Department of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

Plaintiffs do not come close to satisfying this exacting standard. Instead, they argue that equitable tolling is appropriate because Ms. Feldmeier learned of her rights for the first time upon receiving an FLSA notice in this action. (Pls. Opp. at 13.) Her own testimony, however, demonstrates that this argument is disingenuous at best. **In the exact passage cited by Plaintiffs in their brief, Ms. Feldmeier testified that shortly after quitting her employment at TTG she engaged an attorney to pursue a claim against TTG for,** *inter alia*, overtime compensation. (Feldmeier Tr. 33:17-21.) She testified that after her attorney sent a letter to TTG demanding overtime payment and damages on her behalf, that she took no further steps to pursue her claims against TTG until receipt of the Notice form in this action. (Feldmeier Tr. 34:4-7, 35:18-21.)

Even it were true that Ms. Feldmeier only first considered her claims upon receiving a FLSA notice of this case, her assertion still would not constitute the exceptional circumstances preventing her from pursuing her claims necessary for equitable tolling. In *Jacobsen*, this Court rejected the very argument that "'a failure to disclose that an employee is entitled to overtime pay is sufficient to work an equitable toll.'" *Jacobsen*, 2004 U.S. Dist. LEXIS 17031, at *12 (quoting *Patraker v. Council on the Environment*, No. 02 Civ. 7382 (LAK), 2003 WL 22703522, at *2 (S.D.N.Y. Nov. 17, 2003)). To find otherwise "'would be tantamount to holding that the statute is tolled in all or substantially all cases seeking unpaid overtime.'" *Id.* (quoting *Patraker*, 2003 WL 22703522, at *2). As in *Jacobsen*, equitable tolling is not appropriate here as the Plaintiffs have failed to show that TTG has "affirmatively deceived its employees with respect to this lawsuit, used 'extraordinary' means to prevent its employees from timely fil-

ing their consent forms, or misrepresented its intent to pursue a statute of limitations defense." *Id.* at \*15.

Finally, Ms. Feldmeier is not a plaintiff alleging state law claims in this action. She participates in the case only as an opt-in plaintiff under FLSA. In any event, insofar as her federal claims are time-barred, any state law claims she might wish to assert should not be considered by this Court. *See Vandermark* v. *City of New York*, 615 F. Supp. 2d 196, 210 (S.D.N.Y. 2009) ("As no federal claims remain, this Court declines to exercise supplemental jurisdiction to address plaintiffs' state law claims. . . ."); *Ward* v. *Bank of New York*, 455 F. Supp. 2d 262, 270 (S.D.N.Y. 2006) ("'When all bases for federal jurisdiction have been eliminated . . . the federal court should ordinarily dismiss the state claims.'") (quoting *Board of Locomotive Engineers Division 269* v. *L.I.R.R.*, 85 F.3d 35, 39 (2d Cir. 1996)); *Bilyou* v. *Dutchess Beer Distribs.*, 99 CV. 4231 (CM), 2001 U.S. Dist. LEXIS 3342 (S.D.N.Y. Mar. 9, 2001) ("Since the motor carrier exemption to the FLSA applies to Bilyou, Defendant's motion for summary judgment is granted with respect to the FLSA claims. Since there is no federal issue before this Court, I decline to exercise pendent jurisdiction over the state claims.").[3]

## III.   Plaintiffs Have Failed to Raise a Genuine Issue of Material Fact that Joseph Steuert Was Not an "Employer" of the Four Plaintiffs

In a last ditch effort to raise a genuine issue of material fact as to whether Defendant Steuert acted as an "employer" under the FLSA, Plaintiffs have offered an affidavit from one Plaintiff which improperly contradicts his own deposition testimony, made conclusory asser-

---

[3]   With respect to Defendants' motion for judgment that Plaintiff Cho's claims are largely time-barred, Plaintiffs only argue that Defendants' willfulness extends the limitations period. Pls. Opp. at 13. Because Plaintiffs have come forward with no evidence of willfulness, *see* Section I *supra*, Defendants' motion with respect to Plaintiff Cho's claims should be granted.

tions, and denied Defendants' statement of undisputed facts without proper basis. At most, Plaintiffs have presented highly dubious evidence tending to establish only that Mr. Steuert supervised the Vice-Presidents at TTG who in turn supervised Analysts. That is not sufficient.[4]

Neither Mr. Steuert's alleged supervision of Vice-Presidents nor his position as one of the owners of TTG (Pls. Opp. at 15) establishes that Mr. Steuert acted as an employer toward the Analyst Plaintiffs. *See Bravo* v. *Eastpoint International, Inc.*, 99 Civ. 9474(WK), 2001 WL 314622, at *2 (S.D.N.Y. Mar. 30, 2001) (granting motion to dismiss because plaintiffs' allegation that individual defendant was "the principle owner and chairperson" of corporate defendant would not "tend to establish her power to control the plaintiff workers"); *Johnson* v. *A.P. Products, Ltd.*, 934 F.Supp. 625, 629 (S.D.N.Y. 1996) (granting motion to dismiss because plaintiff failed to allege that defendant had "substantial control over the aspect of employment alleged to have been violated" where complaint "merely allege[d] that Osborn is manager of human resources for A.P. Products and that she and A.P. Products terminated Johnson.").

A.    **Statements of Fact that Must be Deemed Admitted**

As these Plaintiffs well know, where their opposition to Defendants' Rule 56.1 statement does not cite to contrary record ***evidence***, Defendants' uncontroverted statements are deemed admitted. *Henderson* v. *The Transportation Group*, 2010 WL 2629568, at n.2 (S.D.N.Y. July 1, 2010); *see also Velez* v. *SES Operating Corp.*, 07 Civ. 10946 (DLC), 2009 U.S. Dist.

---

[4]     By not responding to the points at all, Plaintiffs concede that they cannot satisfy the third and fourth factors for determination of Mr. Steuert was an employer, *i.e.*, "(3) determined the rate and method of payment; and (4) maintained employment records," *Xue Lian Lin* v. *Comprehensive Health Management, Inc.*, 08 Civ. 6519 (PKC), 2009 U.S. Dist. LEXIS 29779, at *5-*6 (S.D.N.Y. Apr. 8, 2009) (citation and internal quotation marks omitted).

LEXIS 106465, at *2-*3 (S.D.N.Y. Nov. 12, 2009).  As demonstrated by the examples in the ta-

ble below, Plaintiffs frequently fail to cite any evidence at all in denying Defendants' Rule

56.1(a) statements, or cite to evidence that does not support their blanket denial of such state-

ments.  The following statements must therefore be deemed admitted, which establish that, *inter*

*alia*, Mr. Steuert had few personal interactions with Mr. Henderson and Ms. Feldmeier; Mr.

Steuert did not supervise Mr. Henderson's working hours; and that Mr. Steuert did not supervise

Ms. Feldmeier's work or working hours:

| Defendants' 56.1 Statement | Plaintiffs' Response | Plaintiffs' Evidence |
|---|---|---|
| 33. Mr. Steuert had few personal interactions with Mr. Henderson. (Steuert Decl. ¶ 26.)  He did not supervise his working hours. (Steuert Decl. ¶ 26.)  Mr. Henderson's offer of employment was not signed by Mr. Steuert. (Perlgut Decl. Ex. 6.) | Deny that Mr. Steuert's personal interactions with Plaintiff Henderson were limited.  Deny that Mr. Steuert did not play a supervisory role over Plaintiff Henderson's working hours.  Admit that Plaintiff Henderson's offer letter was not signed by Mr. Steuert, but that it was signed by an individual whom Mr. Steuert delegated authority.  See Plaintiff's SUF, ¶2; Decl. of Steuert, ¶ 18. | Plaintiffs have not offered any evidence to support their denials. |
| 59. The analysts conducting the training set Ms. Feldmeier's working hours and gave her assignments.  (Feldmeier Tr. 18:2-19:7). | Deny that analysts conducting the training set Ms. Feldmeier's working hours and assignments.  Analysts conducting the training session relayed the times which the trainees could leave based upon direction they were provided by upper management.  Exhibit 5, Feldmeier EBT 18:2-6. | Plaintiffs' evidence supports *Defendants'* assertion: Feldmeier Tr. 18:2-6: "Q.    Did someone dismiss you? A.    Yes.  We were told that we could leave.  I guess it was one of the more seasoned *analysts* that conducted the training that told us that we could leave." (emphasis added) |
| 61. Mr. Steuert did not supervise her work nor her working hours, and he does not believe he even met her. (Steuert Decl. ¶¶ 23-24; | Deny that Mr. Steuert did not supervise her work or working hours and that he has never met Ms. Feldmeier. | None. |

| Defendants' 56.1 Statement | Plaintiffs' Response | Plaintiffs' Evidence |
|---|---|---|
| Feldmeier Tr. 18:2-19:7). | | |
| 64. Margaret Lee, TTG's Chief Administrative Officer, had the responsibility to maintain employment records at TTG during the time period of Plaintiffs' employment. (Steuert Decl. ¶ 28). | Deny as not a proper statement as this "fact" is not material to this case and is not supported by reliable evidence. | None. |

B.   **The Affidavit of James Pak Establishes Merely that Mr. Steuert Supervised *Vice-Presidents* at TTG**

At his deposition, Mr. Pak testified that his work was supervised *only* by Lisa

Chang, Fernando Valle, Yung Lee and Jeffrey Freedman:

> Q.   Did Lisa Chang supervise your work?
> A.   Yes.
> Q.   Did Fernando Valle supervise your work?
> A.   Yes.
> Q.   Did Yung Lee supervise your work?
> A.   Yes.
> Q.   Did Jeffrey Freedman supervise your work?
> A.   Yes.
> Q.   Did anyone else supervise your work?
> A.   No, those were the major people. (Pak Tr. 98:3-15)

Mr. Pak's recent affidavit should not be read to change this testimony. *See Smith* v. *New York City Board of Education*, 96 Civ. 3486 (LLS), 2000 U.S. Dist. LEXIS 654, at *5 (S.D.N.Y. Jan. 25, 2000).  Mr. Pak's affidavit also should not be read to counter the testimony of Mr. Cho about Mr. Cho's own experiences at TTG.  For instance, Mr. Cho testified, "usually, Joe doesn't ask us to do the file.  It was usually the manager, managing director, say, Can you do the file?  Which was, at the time, I worked, Lisa and Aly.  (Cho Tr. 24:15-23.)

At most, Mr. Pak's affidavit thus tends to establish that Mr. Steuert supervised TTG's Vice-Presidents: "Rather, the President, Joseph Steuert, made these decisions and instructed the Vice President and/or Senior Analysts to hand down the orders to us" (¶ 2); "Mr.

Steuert controlled all the work I and other Analysts were assigned and the Vice Presidents and Associates were directed to supervise our work" (¶ 3); "We could also leave when the Vice Presidents, Associates and Mr. Steuert would decide we could leave" (¶ 8).  Mr. Pak's competence to offer these assertions of conversations where he was not present is also highly suspect.

Moreover, to the extent Plaintiffs do attempt to offer evidence countering Defendants' statements of fact as to Mr. Steuert's lack of supervision over Mr. Cho and Mr. Pak, their *only* relevant counter-evidence is Paragraphs 3 and 8 of Pak's affidavit:

| Defendants' 56.1 Statement | Plaintiffs' Response | Plaintiffs' Evidence |
|---|---|---|
| 24. Thomas Vanlangen was formerly a Vice-President at TTG and supervised Mr. Henderson. (Vanlangen Aff. ¶¶ 12; Amended Compl. ¶ 36; Henderson Tr. 35:16-19).  Mr. Vanlangen set Mr. Henderson's working hours. (Henderson Tr. 65:5-9). | Admit that Plaintiff Henderson reported to Tom Vanlangen who was Vice President of TTG at the time to the extent that Mr. Vanlangen acted on the authority delegated to him by Joseph Steuert. **Exhibit 1, Henderson EBT 35:16-19.** Admit that Plaintiff Henderson would have to ask Mr. Vanlangen permission to leave work to the extent that the work hours decisions and orders were not passed down to Mr. Vanlangen from his superiors, including Defendant Steuert. **See Exhibit 6, Aff. of Pak, ¶¶ 3, 8.** | Henderson Tr. 35:16-19 establishes *only* that Henderson reported to VanLangen: "Q.   Who did you report to? A.   It was probably Tom Vanlangen. Q.   What was his position? A.   VP." |
| 41. Mr. Cho received his assignments from Vice-Presidents Lisa Chang and Aly Lalani. (Cho Tr. 47:11-13.)  Ms. Chang and Mr. Lalalani set Mr. Cho's working hours. (Cho Tr. 24:15-23.) | Admit that he was sometimes told about his assignments by Lisa Chang and Aly Lalani and that they relayed to Mr. Cho his work hours to the extent these assignments and hours were predetermined by upper management, including Defendant Steuert. **See Exhibit 3, Cho EBT 24:11-16; Plaintiffs SUF, ¶ 17.** | Cho Tr. 24:11-16 is unrelated: ". . . the files? And it is other weekend. Technically, they didn't ask could you do the files this weekend, just do it, or sometimes during holidays. Q. And how many hours did you typically work when you worked on weekends over. . ." Plaintiffs SUF 17 cites to Henderson Tr. 65:5-7 and Pak Aff. ¶ 8. |
| 42. Mr. Steuert did not directly supervise Mr. Cho's work nor set his working hours.  (Steuert Decl. ¶ 20; Cho Tr. 24:15-23.)  Mr. Cho was not typically asked | Deny that Defendant Steuert did not set his working hours or play a role in Mr. Cho's assignments. **See Exhibit 3, Cho EBT 24:11-16; Plaintiffs SUF,** | Henderson Tr. 65:5-9 makes clear that he is not referring to |

| Defendants' 56.1 Statement | Plaintiffs' Response | Plaintiffs' Evidence |
|---|---|---|
| to perform modeling work by Mr. Steuert. (Cho Tr. 24:15-23.) | ¶ 17. | Mr. Steuert: "Q.   Did you have to ask permission to leave? A.   Yes. Q.   Who did you have to ask? A.   Tom." |
| 52. Mr. Steuert did not generally directly supervise Mr. Pak's work not set his working hours. (Steuert Decl. ¶ 22; Pak Tr. 83:10-14.) | Deny that Mr. Steuert did not play a supervisory role in Mr. Pak' working hours. **Plaintiffs SUF, ¶ 17; Exhibit 6, Aff. of Pak, ¶ 3.** | Plaintiffs SUF 17 cites to Henderson Tr. 65:5-7 and Pak Aff. ¶ 8.<br><br>Henderson Tr. 65:5-9 makes clear that he is not referring to Mr. Steuert: "Q.   Did you have to ask permission to leave? A.   Yes. Q.   Who did you have to ask? A.   Tom." |

Because Plaintiffs have not countered these assertions with credible or even relevant counter-evidence, Defendants 56.1 statements establish that Mr. Steuert did not directly supervise Mr. Cho nor Mr. Pak's work nor working hours and could not have acted as an "employer" toward any of the four Plaintiffs. *See Johnson*, 934 F. Supp. at 629 (S.D.N.Y. 1996) ("[T]he term 'employer' under the FLSA has been interpreted to include individuals with substantial control over the aspect of employment alleged to have been violated, but not those who do not control the terms and conditions of employment.") (citations omitted).

## CONCLUSION

Defendants' motion for partial summary judgment should be granted in all respects.

Dated:   March 30, 2011
         New York, New York

ROBINSON BROG LEINWAND GREENE
GENOVESE & GLUCK P.C.


By:      __/s/ Alan M. Pollack_____
         Alan M. Pollack
875 Third Avenue
New York, New York  10022
(212) 603-6300
amp@robinsonbrog.com
*Attorneys for Defendants The
Transportation Group, Ltd. and Joseph
Steuert*

-11-